JOSEPH P. TUMULTY, DEFENDANT IN CERTIORARI, v. MARGARET C. JORDAN, PROSECUTRIX.

Submitted December 5, 1901—Decided February 24, 1902.

1. In a replevin suit brought in a city District Court, where the defendant retains possession of the goods by putting in claim of title and giving bond, and the plaintiff recovers upon the trial in whole or in part, the docket entry of the judgment must show the title to the goods as found and the value of those belonging to the plaintiff. A general judgment for so much money, without incorporating the finding as to such title and value, is invalid.
2. Such judgment cannot be rendered for debt, but must be in damages as well for the value of the goods and chattels as for taking and detaining them.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutrix, *I. Faerber Goldenhorn.*

For the defendant, *John J. Mulvaney.*

The opinion of the court was delivered by

HENDRICKSON, J. The prosecutrix brings this writ to test the validity of a judgment rendered against her and the Thomas J. Stewart Company, in favor of the defendant in *certiorari,* in the First District Court of Jersey City. The

action was replevin, brought by the plaintiff, who was the vendee under a bill of sale made to him by the husband of the prosecutrix, for the purpose of enabling the plaintiff to begin suit to recover certain engravings, articles of furniture, &c., then in possession of the wife and her co-defendant. The goods mentioned had been in use by the husband and his wife in the city of New York, where they occupied an apartment until the month of October, 1900, when differences arose between them. The result was that the husband left the apartment and ordered his wife to leave. In his absence the wife took all the goods named in the writ of replevin, except a steamer trunk and a chafing dish, to Jersey City. The defendants presented a claim of property and gave bond as required by the District Court act (*Pamph. L.* 1898, *p.* 605, § 126), whereupon the goods replevied were returned to her by the officer. The state of demand described the articles as in the writ, demanded of the defendant the possession thereof, which, as it alleged, the defendant took and unjustly detained from the plaintiff. No jury having been applied for, the trial was had before the court. The transcript shows that the hearing came on in the presence of the parties, and that, after hearing the witnesses and considering the evidence, the court rendered its judgment in the following words: "It is by the court considered and adjudged and judgment is rendered that Joseph P. Tumulty, plaintiff, recover of Margaret C. Jordan and the Thomas J. Stewart Company, defendants, the sum of one hundred and twenty dollars debt and six cents damages and ten dollars and thirty cents the taxed cost of suit."

The prosecutrix asks a reversal upon several grounds, set forth in the reasons filed. But we deem it unnecessary to examine the questions thus raised, because we find substantial and fatal defects in the judgment and proceedings.

The certificate of the facts, made by the judge in answer to a rule of this court, sets forth that he finds that the plaintiff was, at the time of the issuing of the writ, entitled to the possession of the goods enumerated in the writ, except the

spoons and forks, which were the property of the prosecutrix; that the steamer trunk and chafing dish were not in the defendants' possession; that the goods and chattels, the right to possession of which was in plaintiff, were unlawfully detained by defendants, and that the value of the goods thus detained is $120.

The situation thus developed makes it manifest that the judgment in this case, which must have the same particularity as a verdict, is vitally defective. The judgment could not be rendered for debt, because the statute (*Pamph. L.* 1898, *p.* 604, § 125) enacts that if the plaintiff recover, the court or the jury shall find the value of the goods, as well as the damages of the plaintiff, and that "plaintiff shall have judgment thereon *in damages as well for the value of the goods and chattels as for taking and detaining them.*" The action of replevin sounds in tort, and is similar in character to the actions of trespass and trover, so that the verdict would naturally be damages, and not debt. *Cobbey Replevin* 18.

The other and more serious defect in the judgment is that the transcript fails to show the finding as to the title of the goods and the value of those belonging to the plaintiff. This should show the particular goods found to belong to the respective parties. *Cobbey Replevin* 1056, 1086, 1147.

There is a further defect, in that the judgment for value appears to include all the goods found to be the plaintiff's, not excepting those found not to have been in the possession of the defendants.

We therefore conclude that the judgment should be reversed, with costs, and the record remitted for a rehearing, pursuant to section 92 of the District Court act. *Pamph. L.* 1898, *p.* 593.